1

2

3                                  **UNITED STATES DISTRICT COURT**

4                                        **DISTRICT OF NEVADA**

5    JARELL WASHINGTON,                                      Case No. 2:23-cv-01822-RFB-NJK

6                                          Petitioner,

7         v.                                                                  **ORDER**

8    JEREMY BEAN,

9                                          Respondent.

10          Petitioner Jarell Washington, a *pro se* Nevada prisoner, has not properly commenced this

11   habeas action by either paying the standard $5.00 filing fee or filing a complete application for

12   leave to proceed *in forma pauperis* ("IFP").  He submitted a Petition for Writ of Habeas Corpus

13   (ECF No. 1-1) under 28 U.S.C. § 2241 as well as an Application to Proceed *in forma pauperis*

14   (ECF No. 1). The IFP application, however, is incomplete.

15          Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00

16   filing fee is required to initiate a habeas action in a federal district court.  The court may authorize

17   an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP

18   application on the approved form and includes three specific documents: (a) the prisoner's

19   financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a

20   financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the

21   prisoner's account statement for the six-month period prior to filing.  28 U.S.C. § 1915(a); LSR 1-

22   1, LSR 1-2.

23          Here, Petitioner has requested IFP status to waive his filing fee.  However, he did not

24   submit a financial certificate signed by an authorized officer at the Nevada Department of

25   Corrections. In addition, Petitioner has not submitted a certified copy of his inmate trust account

26   statement for the six-month period preceding this habeas action.

27          Although he may qualify for IFP status, the Court is unable to make such determination

28   without all of the correct documents. Petitioner's IFP application lacks the appropriate financial

                                                        1

information and documentation required by § 1915(a) and the Local Rules and is therefore denied without prejudice. He will have 45 days from the date of this order to either pay the $5.00 filing fee or submit a complete IFP application with all required attachments.

Petitioner will have 45 days from the date of this order to either pay the $5 filing fee or submit a complete IFP application with all required documentation.

**IT IS THEREFORE ORDERED:**

1.  The initial screening of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) under the Rules Governing Section 2254 Cases is deferred to until such time as he has fully complied with this order.

2.  The Clerk of Court is instructed to send Petitioner a blank form IFP application for inmates, instructions for the same, and a courtesy copy of this order.  The Clerk of Court shall retain, but not file at this time, the petition for writ of habeas corpus (ECF No. 1-1).

3.  **Within 45 days of the date of this order**, Petitioner must file an IFP application that includes a: (a) financial certificate signed by Petitioner and an authorized prison official, (b) financial declaration and acknowledgement signed by Petitioner, and (c) copy of Petitioner's inmate account statement for the six-month period prior to filing.  Alternatively, Petitioner must pay the $5 filing fee within 45 days.  If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

4.  Petitioner's failure to comply with this order within 45 days by (a) submitting a complete IFP application, or (b) paying the filing fee will result in the dismissal of this action without prejudice and without further advance notice.

**DATED:** February 8, 2024



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE