# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JARELL WASHINGTON,

                Petitioner,

v.

JEREMY BEAN,

                Respondents.

Case No. 2:23-cv-01822-RFB-NJK

**ORDER**

Petitioner Jarell Washington, a *pro se* Nevada prisoner, has submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court instructs Washington to show cause why this petition should not be dismissed for failure to exhaust his claims in state court.

**Background**

Washington challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. State of Nevada v. Washington, Case No. C-19-341380-1.[2] On May 6, 2021, the state court entered a judgment of conviction pursuant to a guilty plea for second-degree murder with use of a deadly weapon. On March 15, 2022, the Nevada Court of Appeals affirmed the judgment of conviction, but remanded to the state district court for the limited purpose of correcting a clerical error in the judgment of conviction.

On August 5, 2022, Washington filed a state petition for writ of habeas corpus. Washington v. State of Nevada, Case No. A-22-856529-W. The state court denied post-

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

1  conviction relief and Washington filed a motion to reconsider, which the state court also denied.
2  It appears that Washington filed a notice of appeal for the denial of his motion to reconsider,
3  which the Nevada Supreme Court dismissed finding that the appellate court lacked jurisdiction
4  because no statute or court rule permitted an appeal from such an order. On November 6, 2023,
5  Petitioner initiated this federal habeas case alleging claims of ineffective assistance of counsel.
6  ECF No. 1.

**Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears likely that Washington's federal habeas claims are partially unexhausted in state court and are subject to dismissal without prejudice. Although Washington filed a notice of appeal of the denial of his motion for reconsideration, he did not present the operative facts and

federal legal theory upon which his claims are based to the state appellate court. Accordingly, Washington will be required to show cause in writing within 30 days of the date of this order, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

Washington is advised that federal courts are authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines v. Weber, 544 U.S. 269, 273–75 (2005). Where a petitioner is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. Id. at 278.  By filing a protective petition, a petitioner seeks to avoid a determination that a federal habeas petition is time-barred after months or years of litigating in state court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.

Under the Rhines test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the Rhines "good cause" standard does not require "extraordinary circumstances." Wooten, 540 F.3d at 1024 (citing Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005)).  But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." Wooten, 540 F.3d at 1024 (citing Jackson, 425 F.3d at 661).  Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten, 540 F.3d at 1024 (citing Rhines, 544 U.S. at 276–77).

**IT IS THEREFORE ORDERED:**

1. Within 45 days of the entry of this order, Petitioner Jarell Washington must file a "Response to Order to Show Cause," showing cause in writing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Washington's showing must be factually detailed, and must, where possible, be supported by exhibits.

2. Failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED this __5__ day of March, 2024.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE