UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JARELL WASHINGTON,<br><br>　　　　　　Petitioner,<br>　v.<br><br>JEREMY BEAN,<br><br>　　　　　　Respondent. | Case No. 2:23-cv-01822-RFB-NJK<br><br>**ORDER** |

*Pro se* Petitioner Jarell Washington, a Nevada prisoner, initiated this case by submitting a petition for writ of habeas corpus under 28 U.S.C. § 2254. On March 5, 2025, the Court ordered Washington to show cause why his petition should not be dismissed without prejudice for failure to exhaust his claims in state court. ECF No. 9. The Court instructed Washington to file a "Response to Order to Show Cause" in writing, within 45 days and warned that his failure to timely and fully comply with the order would result in a dismissal of this action without prejudice and without further advance notice. Id. However, Washington did not comply with the order by either filing a response to the order to show cause or a motion for stay and abeyance, and the 45-day deadline has expired.

To date, Washington has not filed a response to the order to show cause or taken any action to prosecute this case.

**Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without Williams's compliance with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these

circumstances. So, the fifth factor favors dismissal.

**IT IS ORDERED:**

1. Petitioner Jarell Washington's Petition for Writ of Habeas Corpus (ECF No. 1-1) is **DISMISSED** without prejudice based his on failure to comply with the Court's Order (ECF No. 9).

2. Washington may move to reopen this case and vacate the judgment by filing a motion for reconsideration within thirty days of the entry of this Order. In this motion, Washington would need to explain the circumstances which led to their not being able to respond to the order to show cause as directed by the Court. In addition, he must address the Court's order to show cause why his petition should not be dismissed without prejudice for failure to exhaust his claims in state court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment.

3. Washington is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

4. Under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

5. The Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED this __16__ day of July 2025.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE